

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer Leonard, Speaker
House of Representatives
Austin, Texas

Dear Sir:

Opinion No. O-3436
Re: Authority of Legislature to
levy occupation tax on con-
cerns transacting business
for profit.

We have your letter of April 24, 1941, withdraw-
ing the request contained in your letter of April 21, 1941,
and submitting in lieu thereof your request for an opinion
upon the following question;

"Does the Legislature have power and au-
thority to levy an occupational tax on concerns
transacting business for profit, while at the
same time not taxing concerns in the same line
of business but not operating for profit?"

Article VIII, Section 1, of the Texas Constitution,
provides in part as follows:

"Section 1. Taxation shall be equal and
uniform . . . It may also impose occupation
taxes, both upon natural persons and upon corp-
orations, other than municipal, doing any busi-
ness in this State. . . "

Article VIII, Section 2, provides in part as fol-
lows:

"Section 2. All occupation taxes shall be
equal and uniform upon the same class of sub-
jects within the limits of the authority levy-
ing the tax; . . . "

The Legislature has power to classify the sub-
jects of occupation taxes, and the considerations upon

which such classifications shall be made are primarily for the determination of the Legislature, subject to the rule that the classification must find a reasonable basis in the nature of the businesses classified. Texas Company v. Stephens, 100 Tex. 628, 103 S. W. 481.

Differences in the methods of conducting businesses are sustained as supporting classification for the purposes of levying occupation taxes. Hurt v. Cooper (Com. App.), 110 S. W. (2d) 896; State Board of Tax Commissioners of the State of Indiana v. Jackson, (U.S.) 75 L. Ed. 1248.

In the case of Hurt v. Cooper, supra, at page 901, the court observes that differences in the profits derived may be taken into consideration by the Legislature in making classifications for the purpose of levying occupation taxes and determining the amount of tax to be laid upon each.

The following cases sustain pecuniary profit as a reasonable basis for classification for purposes of taxation. Citizens Telephone Company v. Fuller, 229 U. S. 322, 57 L. Ed. 1206; Iowa Mutual Tornado Insurance Association v. Gilbert, 129 Iowa 658, 106 N. W. 153; State v. Minnesota Farmers Mutual Insurance Company, 145 Minn. 231, 176 N. W. 796; Northwestern Masonic Aid Association v. Waddill, 138 Mo. 628, 40 S. W. 648; Bankers Life Company v. Chorn (Mo.) 186 S. W. 681.

You are therefore advised that, in our opinion, the Legislature may classify concerns in the same general line of business according to whether the business is done for profit or not, for the purpose of levying an occupation tax.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

R. W. Fairchild
Assistant

RWF:LM

APPROVED MAY 1, 1941
$ - GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE

By: - B. W. B., Chairman